UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LAURA SPARKS and CHRIS SPARKS,** § <br> **Individually and on behalf of CJ FARMS GP** § <br>     *Plaintiffs*, § <br> § <br> VS. § <br> § <br> **DUKE ENERGY RENEWABLE SERVICES,** § <br> **LLC, AMERICAN ELECTRIC POWER** § <br> **SERVICE CORPORATION, AEP TEXAS,** § <br> **INC.,** § <br>     *Defendants.* § | | **Civil Action No. _____** |

**PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR DISCLOSURES**

Plaintiffs, Laura Sparks and Chris Sparks, Individually and on behalf of CJ Farms GP alleges the following based upon personal knowledge as to Plaintiffs and their own acts, and information and belief as to all other matters against Defendants Duke Energy Renewable Services, LLC, American Electric Power Service Corporation ("AEP Corp"), AEP Texas, Inc. ("AEP Texas") (AEP Corp and AEP Texas are collectively referred to as "AEP"):

## I.   Discovery-Control Plan

1. Plaintiffs intend to conduct discovery under Level Three (3) of Texas Rule of Civil Procedure Rule 190, *et seq*.

## II.   Parties

2. Plaintiffs, Laura Sparks and Chris Sparks, are individuals and residents of Cameron County, Texas.

3. Plaintiff, CJ Farms GP is a general partnership whose principal office is located in Cameron County and is authorized to do business in Texas.

4. Defendant, **Duke Energy Renewable Services, LLC**, a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 550 S. Tryon St., Charlotte, North Carolina, is authorized to do business in Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201. *Service is requested at this time.*

5. Defendant, **American Electric Power Service Corporation,** a foreign corporation organized and existing under the laws of the State of New York, is authorized to do business in Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201. *Service is requested at this time.*

6. Defendant, **AEP Texas, Inc.,** a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 539 N. Carancahua St., Corpus Christi, Texas, 78478, is authorized to do business in Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201. *Service is requested at this time.*

### III. Jurisdiction & Venue

2. This Court has original jurisdiction pursuant to 28 USCA § 1332(a)(1) because there is a diversity of citizenship.

3. This Court has personal jurisdiction over Defendants due to their presence in the State of Texas. There are sufficient minimum contacts within the State of Texas, and jurisdiction would not offend traditional notions of fair play and substantial justice. Upon information and belief, Duke Energy Renewable Services, LLC ("Duke Energy") operates and maintains multiple solar and wind power operations in the State of Texas with accompanying transmission lines. The

transmission lines involved in the incident forming the basis of this lawsuit are located in Cameron County, Texas.

4. Venue is proper pursuant to 28 USCA § 1391(b)(2) because a substantial part of the actions and/or omissions giving rise to this claim occurred in Cameron County, Texas.

### IV.  Statement of Facts

5. On or about April 18, 2019, CJ Farms GP's ("CJ Farms") employee was driving a John Deere Model R4030 Sprayer ("Sprayer") south on Searcy Rd., Harlingen, Texas near the AEP Texas Rio Hondo switch station. The Sprayer was being used to treat CJ Farms' crops with pesticide during a critical window for disease control. The Sprayer was struck by an arc from one of the southernmost transmission lines while traveling underneath the line on the roadway. The electric arc fried the Sprayer's electric system and left it inoperable and rendered it useless.

6. Upon information and belief, Defendants were legally and contractually obligated to install, maintain, and/or repair the transmission lines in a safe manner that complied with all applicable laws, rules, regulations, and specifications. The transmission lines were not installed, maintained, and/or repaired safely; the lines were too close to the ground. The improper installation, maintenance, and/or repair of the transmission lines proximately caused the damage to the Sprayer which was purchased merely 3 days before the incident.

7. Consequently, the inability to use the sprayer to apply appropriate chemicals during a critical time for crops contributed to further damages, including, but not limited to lost revenue, expenses related to mitigate issues such as aerial application, financing expenses related to purchasing another sprayer, and equipment rental.

## V. Causes of Action

### A. *Negligence and Negligence Per Se*

8.      Plaintiffs incorporate the statement of facts, and without waiving any claim, would show, that Defendants were negligent and such negligence proximately caused injuries to Plaintiffs.

9.      Defendants were negligent and such negligence proximately caused Plaintiffs' injuries.  Defendants negligently installed and/or maintained the transmission lines on the public roadway. Defendants knew or should have known that the roadway was used by the public in general for tractors and similar farming vehicles such as the Sprayer. Defendants' negligence includes failing to perform its respective work in accordance with industry standards, in a good and workmanlike manner, and with a reasonable degree of care.  Moreover, Defendants have a legal duty to hire, supervise, train, and retain competent employees and/or contractors.  Defendants breached the duty when they negligently hired, supervised, and/or trained others to install and/or maintained the transmission lines involved in the incident.

10.     Defendants have a duty to use ordinary care in exercising the control it retains over its employees/contractors.  Defendants have a duty to use ordinary care in selecting its employees/contractors.  Defendants breached their duty by failing to exercise the retained control over its employees/contractors and taking precautions to ensure the services were done in order to prevent injuries to the general public that the roadways underneath their transmission lines, including the Plaintiffs.  As a result, Defendants' breach of their duties proximately caused Plaintiffs' injuries.

11.     Upon information and belief, the transmission lines did not clear the minimum overhead height required under federal and/or state laws and regulations. Upon information and

belief, the transmission lines did not meet the minimum vertical clearance requirements as set forth in Rule 232A of the National Electric Safety Code.

### B. *Gross Negligence*

12. Exemplary damages are obtainable, as Plaintiffs' injuries resulted from Defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a). The acts of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to other. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

13. Defendants' breach of the above listed duties, among others, proximately caused injury to Plaintiffs, which resulted in the actual damages. Plaintiffs additionally seek interest and court costs. Moreover, Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court. Exemplary damages are obtainable, as Plaintiffs' injuries resulted from Defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### C. *Breach of Contract*

14. Upon information and belief, Defendants had enforceable contracts with each other and/or third parties that required Defendants, individually and/or collectively, to install, maintain, and/or repair the transmission lines in a safe manner that complied with all applicable laws, rules, regulations, and specifications. Upon information and belief, Plaintiffs were third-party beneficiaries entitled to enforce Defendants' contractual obligations. Upon information and belief, the parties to the contracts tendered performance, however, Defendants failed to safely install, maintain, and/or repair the transmission lines in a manner that complied with all applicable laws,

rules, regulations, and specifications. Plaintiffs were damages as a result of Defendants' breach of their obligations.

### D. *Vicarious Liability*

15. Defendants are vicariously liable for the acts of their employees and/or contractors that installed and/or maintained the transmission lines the theory of actual and/or implied authority. Upon information and belief, Defendants intentionally conferred authority on the employee/contractor to act on their behalf and affirmatory held them out as having authority to act Defendants intentionally allowed the agent to believe it had authority and/or by lack of due care, allowed the agent to believe it had authority. Upon information and belief, the employees and/or contractors were acting within the scope of their agency when they negligently installed and/or maintained the transmission lines.

16. Defendants are vicariously liable for the acts of their employees/contractors under the theory of nondelegable duty. Defendants have a duty imposed by law on the basis of the concern for public safety. Defendants are liable for the acts of their employees/contractors because said duty is not delegable. Specifically, but not exclusively, Defendants are liable for the failure to have adequate professionals perform services relating to the installation and/or maintenance of power lines in accordance with the law and industry standards.

17. Upon information and belief, Defendants are vicariously liable for the acts of their employees/contractors, as said employees/contractors were employees or borrowed employees; performed the services through the general employment of Defendants; and within the course and scope of that employment or within the authority delegated to the employee by Defendants.

### *E. Damages*

18. Defendants' actions and/or omissions proximately caused Plaintiffs' injuries. Plaintiffs seek actual and nominal damages, including but not limited to, costs to replace the damaged equipment, costs to mitigate damages, costs of repair, loss revenue, loss of the fair market value of crops, loss of goodwill, attorney's fees, prejudgment and post judgment interest, costs of court.

19. Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court as described in the relevant sections above. Plaintiffs believe that the amount of damages is solely for the jury to determine, however, in an effort to give Defendants proper notice of damages sought, Plaintiffs plead that the maximum amount of damages are $1,000,000.00.

## VI.   Conditions Precedent/Capacity

20. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred. Plaintiffs sue Defendants in all capacities in which they are entitled to recover.

## VII.   Jury Demand

21. Plaintiffs herein request a jury trial and along with the filing of the Original Petition, tenders to the Clerk of the Court the statutory jury fee.

## VIII.   Prayer

For these reasons, Plaintiffs ask that the court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

a. Actual damages;

b. Exemplary damages;

c. Prejudgment and postjudgment interest;

d. Court Costs;

    e.   Attorney fees;

    f.   All other relief to which Plaintiffs are entitled, in law or in equity.

                                     Respectfully submitted,

                                     **MARTINEZ & TIJERINA P.L.L.C**
                                   1201 E. Van Buren
                                   Brownsville, Texas 78520
                                   Ph. (956) 550-4868
                                   Fax (956) 621-0135

                                   */s/ Benigno (Trey) Martinez*
                                   Benigno (Trey) Martinez
                                   State Bar No. 00797011
                                   trey@mbymlaw.com
                                   Tomas F. Tijerina
                                   State Bar No. 24070746
                                   tomas@mbymlaw.com
                                   Eduardo T. Ortiz
                                   State Bar No. 24092926
                                   eduardo@mbymlaw.com
                                   **Attorneys for Plaintiffs**